UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

05 MAY -2 PM 3: 15

TX EASTERN-MARSHALL

BY_____

| | |
|---|---|
| AGERE SYSTEMS INC., <br> a Delaware Corporation, <br><br> Plaintiff, <br> v. <br><br> SAMSUNG ELECTRONICS COMPANY, LTD., <br> a Corporation of the Republic of Korea, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No 2-06CV-185 <br><br> JURY DEMAND |

## COMPLAINT AND JURY DEMAND

Plaintiff Agere Systems Inc., by and through its attorneys, for its Complaint

alleges as follows:

### PARTIES

1    Plaintiff Agere Systems Inc ("Agere") is a corporation formed under the

laws of the State of Delaware with its principle place of business at 1110 American Parkway NE,

Allentown, Pennsylvania 18109-9138

2.    On information and belief, Samsung Electronics Company, Ltd.

("Samsung") is a corporation formed under the laws of the Republic of Korea with its principle

place of business at Samsung Main Building, 250, 2-Ka, Taepyung-Ro, Chung-Ku, Seoul,

Korea

## JURISDICTION AND VENUE

3 This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the citizenship of the parties is diverse.

4. This Court has personal jurisdiction over Samsung pursuant to the State of Texas long-arm statue, Tex. Civ. Prac. & Rem. Code § 17.042. Samsung has conducted business in the State of Texas by establishing continuous and systematic contacts with the forum, and the exercise of jurisdiction over Samsung would not offend the notions of fair play and substantial justice.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391

## UNDERLYING FACTS

6. Effective November 6, 1990, Samsung entered into a Patent License Agreement with American Telephone and Telegraph Company ("AT&T") whereby each party granted licenses to the other party to certain of their respective patents ("1990 PLA"). The licenses continue for the unexpired term of patents licensed under the 1990 PLA or for as long as the respective parties have the right to license such patents.

7. In addition to providing licenses to certain of its patents, Samsung agreed to provide royalty statements and to pay AT&T royalties calculated by applying a 1.4% royalty rate to products sold, leased or put into use by Samsung insofar as such activities would constitute infringement of AT&T's patents absent the licenses granted by AT&T to Samsung. Pursuant to the terms of the 1990 PLA, Samsung agreed that, for each semiannual period for the duration of the 1990 PLA, it would provide (in a manner acceptable to AT&T) a statement setting forth details concerning Samsung's licensed products and the royalty amount for such

2

products ("royalty statement") and then make the required royalty payments for its licensed products. Pursuant to the terms of the 1990 PLA, Samsung also agreed to pay certain late charges for overdue royalty payments

8.     As a result of a restructuring that occurred in approximately 1995, AT&T formed Lucent Technologies Inc. ("Lucent"). As part of the restructuring, AT&T transferred to Lucent a number of its patents licensed under the 1990 PLA, as well as its right to receive royalties from Samsung under the 1990 PLA.

9.     Effective January 1, 2000, Samsung and Lucent entered into another Patent License Agreement ("2000 PLA"). In the 2000 PLA, Samsung and Lucent agreed that, during the period from January 1, 2000 through December 31, 2004, Samsung's royalty statements and royalty payments under the 2000 PLA would satisfy its royalty statement and payment obligations under the 1990 PLA for that period

10.    On or about February 1, 2001, Lucent underwent its own restructuring whereby it formed Agere. As part of the restructuring, Lucent transferred to Agere a number of its patents licensed under the 1990 PLA and 2000 PLA, as well as its right to receive royalty statements and royalty payments from Samsung under those agreements.

11.    After Lucent's restructuring, Samsung provided royalty statements and made royalty payments to Agere under the 2000 PLA until the 2000 PLA expired on December 31, 2004, at which time Samsung's payment obligations were then again governed by the 1990 PLA. Samsung then did not provide its royalty statement or make its royalty payment to Agere for the first half of 2005 within the time period provided in the 1990 PLA   Instead, Samsung requested an extension from Agere until October 31, 2005 to provide its royalty statement for the first half of 2005. During the course of the negotiations between the parties,

3

Agere provided Samsung with two, thirty day extensions, which required that Samsung provide its royalty statement no later than October 31, 2005. On October 30, 2005, Samsung provided Agere a letter (the "October 30th letter") stating, without explanation, that "[t]o the best of our knowledge, at this time, Samsung is not engaged in activities that fall within any valid claims of the patents you have cited to us." The October 30th letter wholly failed to comply with Samsung's obligation to provide a royalty statement to Agere.

12.    On or about January 9, 2006, Agere and Samsung entered into a letter agreement whereby Samsung agreed to pay Agere a fixed royalty payment in lieu of its reporting and payment obligations under the 1990 PLA for the first half of 2005 (January 1, 2005 to June 30, 2005) (the "Letter Agreement"). As part of the Letter Agreement, the parties agreed not to bring an action under the 1990 PLA or otherwise before April 30, 2006. The Letter Agreement did not in any way modify or otherwise alter Samsung's reporting and payment obligations to Agere for any time period after June 30, 2005.

13.    Samsung did not provide its royalty statement or make its royalty payment to Agere for the second half of 2005 (July 1, 2005 to December 31, 2005) as required by the 1990 PLA. Pursuant to the terms of the 1990 PLA, Samsung was required to provide Agere with its royalty statement no later than March 1, 2006. To date, Samsung has not provided Agere with its royalty statement despite the fact that Agere specifically addressed this issue with Samsung. Samsung has not provided Agere with any reason for its failure to comply with its reporting and payment obligations for the second half of 2005. The amount of outstanding royalties owed to Agere under the 1990 PLA is in excess of $75,000.

4

## COUNT 1
### (Breach of Contract)

14     Agere incorporates by reference each and every allegation contained in each of the preceding paragraphs.

15     The 1990 PLA is a valid and enforceable contract and all conditions precedent to its enforcement have been performed.

16     Under the 1990 PLA, Samsung owes a royalty statement and subsequent royalty payment to Agere for the second half of 2005 and such royalty statement and payment obligation remain outstanding.

17.    Samsung has breached the 1990 PLA by failing to provide a royalty statement within the time period agreed upon by the parties. As a result of this breach, Samsung has failed to make its required royalty payment to Agere for the second half of 2005 pursuant to the terms of the 1990 PLA.

### JURY DEMAND

18     Plaintiff Agere hereby demands a trial by jury of all issues triable of right by a jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Agere prays that the Court:

A.     confirm that the 1990 PLA remains in full force and in effect;

B.     find that Samsung is in breach of the 1990 PLA;

C.     order Samsung to provide an accurate royalty statement that complies with the terms of the 1990 PLA;

D.     award Agere damages in the amount of the unpaid royalties and late charges due under the 1990 PLA; and

5

E.    award such other and further relief to Agere as the Court deems proper and just.

Dated:  May 2, 2006

Respectfully submitted,

BROWN MCCARROLL, L.L.P.

By:  *S. Calvin Capshaw (by permission EHD)*

S. Calvin Capshaw, Esq.
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
1127 Judson Rd., Ste. 220
P.O. Box 3999
Longview, Texas 75606-3999
Telephone:  (903) 236-9800
Facsimile: (903) 236-8787
E-mail: ccapshaw@mailbmc.com
E-mail: ederieux@mailbmc.com

ATTORNEYS FOR PLAINTIFF AGERE SYSTEMS INC.

Of Counsel:

TOWNSEND AND TOWNSEND AND CREW LLP
David E. Sipiora, Esq.
Daniel S. Young, Esq.
1200 17th Street, Suite 2700
Denver, Colorado 80202
Tel.: (303) 571-4000
Fax:  (303) 571-4321
E-mail: desipiora@townsend.com
E-mail: dsyoung@townsend.com

6