IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | |
|---|---|
| AGERE SYSTEMS INC., | § |
| | § |
| Plaintiff, | § |
| | § CIVIL ACTION NO. 2:06-CV-185-TJW |
| v. | § |
| | § JURY DEMANDED |
| SAMSUNG ELECTRONICS COMPANY, LTD., | § |
| | § |
| Defendant. | § |

**SAMSUNG ELECTRONIC COMPANY, LTD.'S ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM
TO PLAINTIFF'S COMPLAINT**

Samsung Electronic Company, Ltd. ("Samsung"), states for its Answer, Affirmative Defenses, and Counterclaim to the Complaint of Agere Systems Inc. ("Agere" or "Plaintiff") as follows:

**PARTIES**

1. Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and therefore denies them.

2. Samsung admits it is a corporation formed under the laws of the Republic of Korea with its principle place of business at Samsung Main Building, 250, 2-Ka, Taepyung-Ro, Chung-Ku, Seoul, Korea.

**JURISDICTION AND VENUE**

3. Samsung admits the allegations of paragraph 3.

4. Samsung admits that this Court has personal jurisdiction over Samsung with respect to the averments of the Complaint in this particular action, and Samsung denies the remaining allegations of paragraph 4.

5. Samsung denies that venue is proper in this district with respect to the averments of the Complaint.

**UNDERLYING FACTS**

6. Samsung admits that it entered into a Patent License Agreement in 1990 ("1990 PLA") with American Telephone and Telegraph Company ("AT&T") whereby each party granted licenses to the other party to certain of their respective patents. Samsung denies the remaining allegations of paragraph 6.

7. Samsung admits that the 1990 PLA provides that Samsung shall furnish a statement on a semiannual basis of the amount of royalties payable on "Reportable Products" and shall make payments in accordance with such statement. Samsung also admits that pursuant to the terms of the 1990 PLA, Samsung also agreed to pay certain late charges for overdue royalty payments. Samsung denies the remaining allegations of paragraph 7, including the implication that Samsung owes any royalty payments to Agere.

8. Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore denies them.

9.      Samsung admits that Samsung and Lucent Technologies, Inc. ("Lucent") entered into a Patent License Agreement in 2000 ("2000 PLA"), and Samsung denies the remaining allegations of paragraph 9.

10.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies them.

11.     Samsung admits it provided royalty statements under the 2000 PLA, and Samsung denies the remaining allegations of paragraph 11.

12.     Samsung admits that on February 1, 2006, Samsung executed a letter agreement with Agere Systems, Inc., and Samsung denies the remaining allegations of paragraph 12.

13.     Samsung denies the allegations of paragraph 13.

## COUNT I

14.     Samsung incorporates by reference all above responses to the allegations of the Complaint as if fully set forth herein.

15.     Samsung denies the allegations of paragraph 15.

16.     Samsung denies the allegations of paragraph 16.

17.     Samsung denies the allegations of paragraph 17.

## RESPONSE TO DEMAND FOR JURY TRIAL

18.     Paragraph 18 does not state any allegations and Samsung is not required to respond to the demand.

## RESPONSE TO PRAYER FOR RELIEF

19.     Samsung denies that the Plaintiff is entitled to any relief whatsoever from Samsung.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE (FAILURE TO STATE A CLAIM)

20. Agere's claim for relief fails to state a cause of action.

### SECOND AFFIRMATIVE DEFENSE (STANDING)

21. Agere does not have standing to assert its claim against Samsung.

### THIRD AFFIRMATIVE DEFENSE (ESTOPPEL)

22. Agere's claim against Samsung is barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE (AGERE'S BREACH)

23. Any alleged breach by Samsung was preceded by breach by Agere, and Samsung's breach is therefore excused.

### FIFTH AFFIRMATIVE DEFENSE (ARBITRATION)

24. Agere's claim against Samsung is subject to a valid and enforceable arbitration provision.

### SIXTH AFFIRMATIVE DEFENSE (NO ROYALTY OWED)

25. Samsung owes no royalty under any license agreement with Agere, Lucent or AT&T.

### SEVENTH AFFIRMATIVE DEFENSE (FAILURE TO MITIGATE DAMAGES)

26. To the extent Agere has sustained any damages, Agere's claim for damages is barred in whole or in part because Agere failed to mitigate such damages.

## COUNTERCLAIM

1. Samsung Electronics Company, Ltd. ("Counterclaim-Plaintiff Samsung"), for its counterclaim against Agere Systems Inc. ("Counterclaim-Defendant Agere"), states as follows:

2. Counterclaim-Plaintiff Samsung is a corporation formed under the laws of the Republic of Korea with its principle place of business at Samsung Main Building, 250, 2-Ka, Taepyung-Ro, Chung-Ku, Seoul, Korea.

3. On information and belief, Counterclaim-Defendant Agere is a corporation formed under the laws of the State of Delaware with its principle place of business at 1110 American Parkway NE, Allentown, Pennsylvania 18109-9138.

4. This is a counterclaim to direct the parties to proceed to arbitration under a written agreement for arbitration pursuant to 9 U.S.C. § 1, et seq.

## JURISDICTION AND VENUE

5. This Court has supplemental jurisdiction over this counterclaim against Agere pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Counterclaim-Defendant Agere at least because Counterclaim-Defendant Agere has commenced in this Court the underlying breach of contract action that is subject to arbitration. In addition, upon information and belief, Agere conducts business in this judicial district.

7. To the extent that venue is proper for Agere's claim, venue for this counterclaim is proper under 28 U.S.C. § 1391.

**GENERAL ALLEGATIONS**

8.  In its Complaint in this Action, Agere has asserted that it seeks to enforce certain obligations of the 1990 PLA between Samsung and AT&T.

9.  The 1990 PLA between Samsung and AT&T includes a modification by letter agreement dated September 18, 1990.

10. Paragraph six of the letter agreement modifying the 1990 PLA obligates the parties to the 1990 PLA to negotiate in good faith for a replacing agreement which will provide, among other things, licenses for patents including those for inventions covered by applications filed during a period subsequent to December 31, 1994.

11. In addition, for royalties after December 31, 1994, the letter agreement modifying the 1990 PLA also obligates the parties to the 1990 PLA to negotiate in good faith an alternate royalty payment schedule in place of royalty payment provisions set forth in Section 2.01 of the 1990 PLA.  The parties agreed that the alternate royalty payment schedule shall be based on a rate negotiated in good faith downward from the 1.4% rate specified in Section 2.01 of the 1990 PLA and shall use the same methodology of arriving at the alternate royalty amounts as used for the initial period ending December 31, 1994.

12. Pursuant to these obligations to negotiate in good faith, Samsung and AT&T entered an agreement dated November 21, 1995 to modify the 1990 PLA for an alternate royalty schedule for January 1, 1995 through December 31, 1999, as well as agreeing not to bring legal action through December 31, 1999 for any patents issued from applications filed on or after January 1, 1995.  The 1995 letter agreement also obligated the parties to that agreement to negotiate in good faith a new alternate royalty payment

schedule in place of the royalty provisions of Section 2.01 of the 1990 PLA for royalties due as of January 1, 2000.

13. Pursuant to the obligations to negotiate in good faith set forth above in the 1990 PLA as modified in 1990 and 1995, Samsung and Lucent entered a Patent License Agreement effective January 1, 2000 ("2000 PLA").

14. The 2000 PLA provided patent license rights for Samsung and Lucent through December 31, 2004.

15. The 2000 PLA obligates the parties to the 2000 PLA to negotiate in good faith for an alternate payment provision to replace that set forth in Section 2.01 of the 1990 PLA and that such alternate payment provision shall be based on the same methodology as used previously. The 2000 PLA also references and incorporates the obligations of the 1990 PLA as amended, which includes the obligation to negotiate in good faith for royalties due after December 31, 1994.

16. Agere, purporting to be Lucent's successor in interest to the 2000 PLA, did not negotiate in good faith, as evidenced, in part, by the filing of this Action and by seeking royalty payments inconsistent with the prior agreements and methodologies.

17. The 2000 PLA also includes the following arbitration provision: "If a dispute arises out of or relates to this Agreement, or the breach, termination or validity thereof, the parties agree to submit the dispute to a sole mediator selected by the parties or, at any time at the option of a party, to mediation by the American Arbitration Association ('AAA'). If not thus resolved, it shall be referred to a sole arbitrator selected by the parties within thirty (30) days of the mediation, or in the absence of such selection, to AAA arbitration which shall be governed by the United States Arbitration Act."

## COUNT I

## (ARBITRATION)

18. Counterclaim-Plaintiff Samsung repeats and realleges the allegations of paragraphs 1-17 of its Counterclaims and paragraphs 1-30 of its Answer and Affirmative Defenses as if fully set forth herein.

19. Agere, purporting to be the successor in interest to Lucent's obligations under the 2000 PLA, has breached its obligations to negotiate in good faith under Section 5.02 of the 2000 PLA, including an obligation to negotiate in good faith an alternate royalty payment schedule for the 1990 PLA.

20. Royalty payments allegedly owed under the 1990 PLA are the subject of this Action by Agere against Samsung.

21. Agere's breach of its obligation to negotiate in good faith, and its allegation that Samsung owes certain royalties, is a dispute arising out of or relating to the 2000 PLA and subject to the arbitration provisions of that agreement.  Should the Court find that this dispute is not subject to arbitration, Samsung respectfully reserves its rights to assert and seek relief for additional counterclaims, including but not limited to a counterclaim for Agere's breach of its obligation to negotiate in good faith.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiff Samsung requests that the Court:

A. Issue an order directing that Agere proceed with arbitration in the manner provided for in the 2000 PLA;

B. Stay this instant Action pending resolution of the arbitration; and

C.  Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Eric M. Albritton

Eric M. Albritton
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas  75606
Tel.:  (903) 757-8449
Fax:  (903) 758-7397
ema@emafirm.com

*Counsel for Defendant/Counterclaim-Plaintiff Samsung Electronics Company Ltd.*

Of Counsel:

Kevin P.B. Johnson
   kevinjohnson@quinnemanuel.com
Brian C. Cannon
   briancannon@quinnemanuel.com
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065
Tel.:  (650) 801-5000
Fax:  (650) 801-5100

Edward J. DeFranco
   eddefranco@quinnemanuel.com
Quinn Emanuel Urquhart Oliver & Hedges, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel.:  (212) 849-7106
Fax:  (212) 849-7100

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 5th day of September, 2006.

/s/ Eric M. Albritton

Eric M. Albritton